# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4044 | **DATE** | 5/10/2004 |
| **CASE TITLE** | Vlasic vs. Equifax Credit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby grants defendants' motion for judgment on the pleadings and denies defendant ABN AMRO's motion for sanctions. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 11 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MW courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS VLASIC,            )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 03 C 4044
                          )
EQUIFAX CREDIT INFORMATION )
SERVICES, ABN AMRO,       )
                          )
        Defendants.       )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant ABN AMRO's ("AMRO") motion for judgment on the pleadings and for Rule 11 sanctions. For the reasons stated below we grant the motion for judgment on the pleadings and deny the motion for sanctions.

## BACKGROUND

Plaintiff Thomas Vlasic ("Vlasic") had a mortgage loan with a subsidiary of AMRO. On April 24, 1999 Vlasic filed a chapter 7 bankruptcy petition and in that petition he disclosed his ownership in property at 3242 Lake Park, Hobart Indiana which was encumbered by a mortgage. Vlasic represented under oath in the petition

1

that he intended to voluntarily surrender the property to his lenders. The holder of a note secured by the mortgage lien on the property asked the bankruptcy court to allow the holder to complete its foreclosure. The court approved the request and the lien on the property was foreclosed and sold to the holder of the note.

The basis for this action relates to the mortgage loan account that Vlasic had with a subsidiary of AMRO. Vlasic claims that Defendants inaccurately reported information to credit reporting agencies. Specifically, Vlasic claims that Defendants erroneously reported a foreclosure when the account was in bankruptcy proceedings. Vlasic contends that the reported foreclosure was improper.

Vlasic's complaint contains three Counts. Count I is brought against Defendant Equifax Credit Information Services, LLC ("Equifax") alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§ 1681s-2, Count II alleges a defamation claim against Equifax, and Count III alleges a FCRA claim against AMRO. AMRO has moved for judgment on the pleadings and for sanctions. Defendant Equifax has been granted leave to join in the motion for the judgment on the pleadings.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South*

*Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.*(quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded facts,"*Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "'view the facts in the complaint in the light most favorable to the nonmoving party.'"*Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.*

A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* In ruling on a motion for judgment on the pleadings a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the court considers

3

matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 453 n.5.

## DISCUSSION

### I. Motion for Judgment on the Pleadings

Vlasic contends that Defendants improperly reported the foreclosure to the credit reporting agencies because the property was in bankruptcy. The FCRA requires furnisher of information:

> who . . . regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer . . . and . . . has furnished to a consumer reporting agency *information that the person determines is not complete or accurate*, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

15 U.S.C. § 1681s-2 (emphasis added). Defendants contend that they did not provide any inaccurate information to credit agencies. The bankruptcy petition filed by Vlasic on April 24, 1999 is a matter of public record and thus can be considered for the instant motion for judgment on the pleadings. *Wood*, 925 F.2d at 1582.

Vlasic first contends that he intended to voluntarily surrender the property when he filed the bankruptcy petition and thus he cannot be held accountable for the

4

foreclosure since he had already surrendered the property in bankruptcy. Vlasic represented under oath in the bankruptcy petition an intention to voluntarily surrender the property. However, Defendants correctly point out that Vlasic's intention to surrender the property did not transfer title in the property. The holder of the note could not have sold the property prior to the foreclosure and Vlasic was the legal owner of the property at the time of the foreclosure.

Vlasic also argues that he was not a party in the foreclosure action. Yet, Vlasic was personally named in the foreclosure action as the owner of the property. Vlasic next argues that the foreclosure is an *in rem* proceeding rather than an *in personam* proceeding and thus the foreclosure cannot be reported on his personal report. Vlasic states that since the judgment of foreclosure was an *in rem* proceeding "reporting that foreclosure in Plaintiff's credit report creates the *false* impression that the judgment of foreclosure was '*in personam*'" and thus the reporting of the foreclosure was inappropriate. Vlasic provides a dissertation in its answer to the instant motions regarding Vlasic's views about how credit reporting of foreclosures should be dealt with and what would be fair. Vlasic argues for instance that to allow foreclosures to be reported in a certain manner would be "confusing" and "misleading." However, the problem with Vlasic's arguments is that they are not accompanied by any citations to supporting caselaw. Vlasic must do more that offer his own opinion of what the law should be, particularly in an area such credit reporting where there is applicable law dealing with the pertinent issues. Vlasic

refers to cases in his legal standard and relating tangential issues, but the majority of the few cases cited by Vlasic even on those tangential issues are not controlling precedent.

Defendants correctly point out that if foreclosures were never allowed to be reported on a person's credit report because a foreclosure action is an *in rem* proceeding, no foreclosure could ever be reported on a credit report because a piece of real estate does not have a "credit report." Vlasic has not cited any legal authority that indicates that a foreclosure cannot be reported on a credit report and Defendants have provided legal support for the contrary assertion. *See Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 892 (5th Cir. 1998)(indicating that under the FCRA a foreclosure could be reported on a credit report for seven years). *See e.g. Zahran v. Transunion Corp.*, 2003 WL 1733561, at *1 (N.D. Ill. 2003); *Grant v. World Class Mortg. Corp.*, 1990 WL 19466, at *1 (N.D. Ill. 1990). There is nothing confusing about reporting the foreclosure on Vlasic's credit report because of his direct connection to the foreclosure. For instance, the judgment of foreclosure names Vlasic as a party and forecloses the mortgage created in conjunction with his mortgage loan account. Defendants also correctly point out that not every person that files a bankruptcy also is a party in foreclosure and thus it is appropriate to report both a bankruptcy and a foreclosure when applicable. Therefore, we grant Defendants' motion for judgment on the pleadings.

II. Motion for Sanctions

AMRO argues that Vlasic's arguments are frivolous and that sanctions are appropriate. AMRO takes issue particularly with Vlasic's unsupported contentions that the foreclosure cannot be reported on a person's credit report because it is an *in rem* proceeding. Although we find that Vlasic's arguments are without merit, we do no find that they warrant sanctions.

III. Remaining Claims

The only remaining claim in light of the above rulings is the defamation claim brought against Equifax in Count II. The jurisdictional statement included in the complaint indicates that this court has federal question jurisdiction. Since, the claims relating to the FCRA are no longer viable, we dismiss the remaining claim as well. *See Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir. 2003)(dismissing remaining state claims); *Wright v. Associated Ins. Companies Inc.,* 29 F.3d 1244, 1251-52 (7ʰ Cir. 1994)(stating that "[p]endent jurisdiction is a doctrine of discretion . . . [and thus] . . .[i]n the usual case in which all federal claims are dismissed before trial, the balance of these factors will point to declining to exercise jurisdiction over any remaining pendent state-law claims . . . and the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than

resolving them on the merits.").

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for judgment on the pleadings and deny AMRO's motion for sanctions. The remaining defamation claim is dismissed. All pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2004